UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **ERNESTINE COMBS,**<br>on behalf of herself and<br>all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>**FIRST ADVANTAGE BACKGROUND<br>SERVICES, CORP.**<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 3:17CV00082<br><br>   **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Ernestine Combs (hereinafter "Combs" or "Plaintiff"), on behalf of herself and all others similarly situated and for her Complaint, states as follows:

### I. NATURE OF THE CASE

1. Combs brings this class action against Defendant to obtain relief for herself and the class she proposes to represent under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681k(a)(1) and 1681e(b).

2. The rights of consumers to have notice of, inspect, and correct consumer information sold about them are at the heart of the FCRA. Defendant deprived consumers of these rights by failing to comply with the FCRA and refusing to follow the law's requirements when it compiles and then sells information about them to third parties.

3. This case is related to *Combs v. Capital One Bank*, 3:16cv827, which is currently pending in this Court.

4. Paragraphs 36-51 below demonstrate why this case is related to the Capital One Bank case.

5. First Advantage Background Services Corp. (hereinafter "First Advantage" or "Defendant") operates a national database of public records and related employment histories as a consumer reporting agency as defined by the Fair Credit Reporting Act. First Advantage compiles and maintains an FCRA database to prepare and furnish consumer reports for employment and other purposes on a nationwide basis. It then sells this information as consumer reports to various customers who use the First Advantage reports to make employment decisions, including whether to hire, terminate, transfer or promote an employee or prospective employee, including the Plaintiff and putative class members in this case.

6. Plaintiff alleges a class claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report containing adverse public record information at the time it did so.

7. On information and belief, Defendant arranges its processes such that it does not follow the alternative for complying with Section 1681k(a). Defendant's processes and procedures are not created in a way that Defendant establishes or follows strict procedures designed to ensure the public-record information it reports in the employment context is complete and up-to-date.

8. Upon information and belief, Defendant provided Capital One Bank with a consumer report which was incomplete and an FBI report which it misinterpreted, all to the detriment of Plaintiff.

9. As a direct result, Plaintiff also has a 15 U.S.C. § 1681e(b) individual claim against Defendant.

## II. Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper in this Court under 28 U.S.C. § 139l(b) as First Advantage regularly does business in the District and Division.

12. First Advantage also maintains its registered agent for service of process in the Commonwealth of Virginia, including in this District and Division.

13. The events for the Named Plaintiff occurred in the Eastern District of Virginia.

14. Upon information and belief, First Advantage maintains documents relevant to this action in Richmond, Virginia. To the extent the documents are not available in Richmond, they are available electronically and can be accessed in Richmond.

## III. Parties

15. Plaintiff is an adult and a "consumer" as that term is defined in the FCRA.

16. Defendant operates as a nationwide consumer reporting agency providing comprehensive screening services as governed by the FCRA.

17. Defendant is "a consumer reporting agency which [for the purpose of furnishing consumer reports] for employment purposes […] compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a).

## IV. General Factual Allegations

18. Defendant sells consumer reports (commonly called "credit reports") about thousands of consumers annually.

19. During the class period Defendant furnished an employment-purposed consumer report concerning Plaintiff and class members to their potential employers.

20. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer report information by consumer reporting agencies (CRAs) and NSCRAs, including public record information.

21. Defendant's reports contain vast amounts of information about an individual consumer that it has assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, employer and employment history, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, has any liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

22. By regularly selling such reports for a fee with the anticipated or expected use of such reports by other entities, Defendant operates as a "consumer reporting agency" ("CRA") "that compile[s] and maintain[s] files on consumers on a nationwide basis," and a national specialty consumer reporting agency ("NSCRA") as defined by 15 U.S.C. §§ 1681a(f), a(p) and a(w), respectively.

23. The FCRA regulates what information may and may not be contained in the consumer report.

24. Defendant sells consumer reports to employers for employment purposes, which means the report is "used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h).

4

25. When a CRA sells a report for employment purposes and that report contains public-record information that is "likely to have an adverse effect upon a consumer's ability to obtain employment," the FCRA mandates that the CRA take one of two actions:

    a) notify the consumer, "at the time" it provides the report to the user, that it is providing the report to the employer; or

    b) maintain strict procedures designed to insure that whenever public-record information, which is likely to have an adverse effect on the consumer's ability to obtain employment, is reported, it is complete and up to date. For purposes of this paragraph, items of public-record relating to arrest, indictments and convictions shall be considered up-to-date if the current public-record status of the item at the time the report is provided.

15 U.S.C. § 1681k(a).

26. On information and belief, Defendant attempts the first action—sending a notice in the mail—for all consumers on whom it sells reports for employment purposes.

27. On information and belief, Defendant does not maintain strict procedures to ensure that the public-record information it reports is complete and up to date.

28. On information and belief, Defendant does not report the current public-record status of the item at the time of its report.

29. Indeed, the errors in Plaintiff's consumer report demonstrate that Defendant did not and does not consult or obtain actual, complete and up-to-date public record.

30. Therefore, Defendant was required to comply with the notice requirement in 15 U.S.C. §1681k(a)(1).

31. Defendant did not provide notice to Plaintiff and class members that it was supplying their prospective employers with a consumer report which contained a public record likely to have an adverse effect upon employment.

32. Defendant's notice process does not achieve the result that the FCRA envisions—that is, the employer and consumer both see the report at nearly the same time.

33. Instead, based on information and belief, Defendant provides the employer with the purchased report nearly instantaneously (or, at least, a few minutes after the employer orders it) over the Internet, while the notice letter that is supposed to go to the consumer "at the time" the employer receives the report is mailed some days later, if at all.

34. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report.

35. It also is intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.

## V. The Experience of the Representative Plaintiff

36. Plaintiff applied for a job with Capital One Bank in Richmond in November 2015.

37. Capital One Bank obtained and used a background report prepared by Defendant to make the final employment decision regarding Plaintiff.

38. The Combs consumer report, as was each member of the putative classes, was provided by First Advantage to a third party end-user, and not communicated among persons related by common ownership or affiliated by corporate control.

39. The Combs consumer report, along with the triggering reports for each member of the putative classes, was obtained from First Advantage by the user as a routine consumer report for employment purposes, and not in connection with *any investigation of* suspected misconduct relating to employment or *any investigation of* compliance with Federal, State or local laws and regulations, the rules of a self-regulatory organization, or any pre-existing written policies of the employer.

40. When First Advantage completed the Combs consumer report it immediately conveyed the information in the report to Capital One Bank.

41. The consumer report provided to Capital One Bank by Defendant contained adverse information concerning Plaintiff.

42. First Advantage's internal procedure to attempt compliance with 15 U.S.C. § 1681k(a) (which it refers to as "Section 613") is to mail consumers the notice letter provided for at 15 U.S.C. § 1681k(a)(1) for all reports containing a "hit" in First Advantage's "National Criminal File" database.

43. For First Advantage's "blue-side" (including pre-LexisNexis reports), the standard procedure to comply with "Section 613" and 15 U.S.C. § 1681k(a)(1) in such a circumstance, upon information and belief, was to mail the required "at the time" notice the next business day after the triggering consumer report was furnished to First Advantage's customer.

44. First Advantage did not mail or otherwise send Combs the 15 U.S.C. § 1681k(a)(1) notice "at the time" it furnished her report to Capital One Bank.

45. Plaintiff received neither a timely written notice nor a timely copy of her consumer report from Defendant despite the fact that it reported negative public record information about her to her prospective employer, Capital One Bank.

46. For purposes of 15 U.S.C. § 1681k, items of public record relating to arrest, indictments and convictions shall be considered up to date if the current public record status of the item at the time a report is reported.

47. Defendant failed to report the current public record status of the items in Plaintiff's report.

48. First Advantage does not provide notification to consumers that it furnished an employment-purposed consumer report containing a criminal record likely to adversely affect employment at the time it provides the report to the employer.

49. In creating and furnishing Combs' consumer report, Defendant violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the report was as accurate as maximally possible.

50. For example, Defendant indicated that Plaintiff had been convicted of a felony when the charge had been dismissed.

51. The error cost Plaintiff her $60,000.00 per year job with Capital One Bank, which job had been offered to her contingent upon her passing the background check.

### VI. COMMON FACTS DEMONSTRATING WILLFUL VIOLATIONS

52. In early 2013, First Advantage's parent company acquired LexisNexis Risk Solutions' screening business through a transaction with First Advantage's parent, private equity firm Symphony Technology Group.

53. Prior to the filing of this action, the corporate parent of First Advantage purchased the criminal background division of a previous competitor, LexisNexis. Thereafter, the LexisNexis entity was merged with First Advantage. Most of the redundant processes and operations of First Advantage were eliminated. Those that remained were consolidated into a

small office in Indiana and thereafter referred to as the "Blue-side" (with the LexisNexis originated systems designated the "Red-side").

54. First Advantage's "Blue-side" is located in an office in Indiana and its remaining customers are serviced by a very small staff of roughly four employees.

55. First Advantage has made a decision fatal to countless job applicants to match records, as broadly as it finds them though it does not obtain social security numbers or other necessary identifiers to avoid inevitable false positives or other reporting errors.

56. Further, even before that change, in approximately 2008, LexisNexis had merged with another consumer reporting agency, ChoicePoint, and its corporate notice, knowledge, systems, and data have remained integrated within First Advantage.

57. The LexisNexis and previous ChoicePoint entities were fully incorporated into First Advantage, and brought with them all of the institutional knowledge and notice previously acquired.

58. In 2008, LexisNexis lost summary judgment as to FCRA willfulness and contested class certification in a nearly identical earlier class action lawsuit, *Williams v. LexisNexis Risk Management, Inc.*, No.3:06-cv-00241-REP (E.D. Va.), for the very conduct alleged in this case relating to its failure to provide at-the-time notice when reporting adverse public-record information in the employment context.

59. In *Williams*, this Court certified against First Advantage (as LexisNexis) a 15 U.S.C. § 1681k(a)(1) class as follows:

> All natural persons residing in the United States who were the subject of a consumer report furnished by Defendant for employment purposes and which for that purpose compiled and reported items of information on consumers which were matters of public record and were likely to have an adverse effect upon a consumer's ability to obtain employment, within 2 years prior to

9

the filing of this complaint, and to whom Defendant did not provide notice that it was furnishing a consumer report on them prior to or contemporaneously with its provision of the report.

60. The same week that LexisNexis announced its merger-purchase of ChoicePoint, the companies caused the settlement of a class action regarding the same business process used by then ChoicePoint and present LexisNexis. *Beverly v. ChoicePoint, Inc.,* CIV.A. 3:08-cv-59 (W.D.N.C.).

61. In May 2013, more than two and a half years before the events leading to this lawsuit took place, applicants to Lowe's Home Improvement stores sued Lowe's and First Advantage in North Carolina District Court, alleging against First Advantage similar claims for violating Section 1681k(a)(1)'s at-the-time notice requirement as to a national class of consumers. *Brown v. Lowe's Companies, Inc.*, No. 5:13-cv-00079-RLV-DSC (W.D.N.C.).

62. As in *Williams*, the claim against ChoicePoint in *Beverly* alleged that the entity did not provide the §1681k(a)(1) notice "at the time" it furnished its customers employment reports.

63. In addition, there have been multiple other decisions and class action cases involving the same claims brought and settled against Defendant's industry competitors, and First Advantage was aware of nearly all of these.

64. Because of these earlier lawsuits, First Advantage knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

65. First Advantage also obtained or had available substantial written materials that apprised it of its duties under the FCRA.

66. Despite knowing of these legal obligations, First Advantage acted consciously in breaching its known duties and deprived Plaintiff and the other members of the Class of their rights under the FCRA.

67. The conduct, action, and inaction of Defendant was uniform, as intended and followed without a reasonable consideration of the risks that First Advantage may have violated the FCRA. Further, Defendant has not alleged and offers no proffer that it has even made any effort to determine the objectively reasonable boundaries of the statute. Its conduct was reckless, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. Upon furnishing a consumer report, First Advantage (Blue-side and legacy) does not send (mail) consumers the 15 U.S.C. § 1681k(a)(1) notice until the next day after it has furnished the subject report to its employer customer, if at all. Further, it does not send the notice at all unless it furnishes its report based only on its hits from its pre-existing database.

69. First Advantage does not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires the consumer reporting agency to actually contact the original source of the public record information (e.g., the Court clerk) immediately prior to furnishing a report that includes derogatory public record information, and applies only when First Advantage can and does have procedures in place *a priori* (before a report is ever requested) to obtain and report the complete public record; thus 15 U.S.C. § 1681k(a)(2) is inapplicable.

70. In addition, upon information and belief, Defendant has violated 15 U.S.C. § 1681e(b) hundreds of times in the last ten years. Defendant is well aware of its legal obligations under that section, yet it continues to ignore them wantonly.

## VII. Claim for Relief

### Count One - Violation of 15 U.S.C. § 1681k Class

71. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

72. Despite providing a report for employment purposes containing public record information likely to have an adverse effect upon her ability to obtain or maintain employment, Defendant failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person to whom such information was being reported.

73. Upon information and belief, Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court Clerk) immediately before furnishing a report which includes such information. Further, it would require the pre-existing maintenance and design of strict procedures to ensure that Defendant only reported the complete public record. It never did this for this class or most consumers generally. Title 15 U.S.C. §1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

74. Plaintiff brings this action on behalf of the following Class, of which she is a member:

> All natural persons residing within the United States and its Territories who (a) were the subject of a report containing a public record search sold to a third party within five years preceding the filing of this action and through its conclusion, (b) by First Advantage's Indiana office or "Blue-side", (c) that was furnished for an employment purpose, (d) that contained at least one adverse criminal public record of an arrest, indictment or conviction, (e) which search was not furnished from a First Advantage pre-

existing records database and (f) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

Excluded from the class definition are any employees, officers and directors of Defendant, any attorney appearing in this case and any judge assigned to hear this action, as well as any customer who is a member of a previous settlement class or who executed an individual settlement agreement releasing the Defendant.

75. Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating FCRA section 1681k(a) by failing to notify consumers at the time (i.e. contemporaneously) of the fact that adverse public and criminal record information is being provided to employers or prospective employers. Defendant is not entitled to claim protection from a 1681k(a)(1) violation under section 1681k(a)(2) because it does not maintain strict procedures to insure that the adverse public-record information being reported is complete and up to date (the current public-record status of the item at the time the report is provided).

76. Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. § 1681k(a).

77. **Numerosity**. Fed. R. Civ. P. 23(a)(l). Upon information and belief, Plaintiff alleges that there are thousands of members of the Class so joinder of all is impractical. The names and addresses of members of the Class are identifiable through documents maintained by Defendant and members of the Class may be notified of the pendency of this action by published and/or mailed notice.

78. **Existence and Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. Without limitation, the focus of the allegations on behalf of the class is the uniform conduct and

13

procedures and whether the Defendant failed to send consumers the notice required under section 1681k(a)(1). This question predominates over questions affecting only individual members. Also, the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

79. **Typicality**. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class members. Plaintiff is entitled to relief under the same cause of action as the other members of the Class. As goes the claim of the individual Plaintiff, so goes the class. There are no material differences in the law or material facts for the claim of the Plaintiff from that of the class. Without limitation, the procedures of Defendants give rise to the causes of action and were uniform and systemic. The Defendant's refusal to send the notices required by 15 U.S.C. § 1681k(a)(1) was uniform and typical of the facts for each member of the Class.

80. **Adequacy**. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

81. **Superiority**. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by First Advantage's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. In fact, because of the manner in which Defendant has

violated the FCRA, very few Class members - and almost none who are unrepresented by counsel - will ever know that Defendant violated the FCRA by, among other things, failing to send them a notice at the time it supplied a consumer report that contained a derogatory public record likely to have an adverse impact on the ability to obtain employment. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

82. First Advantage is liable for willfully violating 15 U.S.C. § 1681k(a) by failing to notify consumers "at the time" (i.e. contemporaneously) of the fact that adverse public criminal record information is being provided to employers or prospective employers.

83. First Advantage's failure to timely provide the required FCRA notices to Plaintiffs and other members of the putative class violated 15 U.S.C. § 1681k(a).

84. First Advantage's conduct, action and inaction were willful and/or reckless, rendering Defendant liable for statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85. Plaintiffs and other members of the putative class are entitled to recovery of costs and attorney's fees, as well as appropriate injunctive relief from First Advantage, in a manner and amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n & 1681o.

### Count Two – Individual Claim for Violation of 15 U.S.C. § 1681e(b)
### Failure to Ensure Maximum Possible Accuracy

86. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth fully herein.

87. Defendant's consumer report about Plaintiff, which it supplied to Capital One, indicated that Plaintiff had been convicted of a felony when the Court dismissed the felony.

88. The consumer report was also incomplete and so misleading as to be inaccurate.

89. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in preparation of the consumer report it furnished to Capital One Bank regarding Plaintiff.

90. The inaccurate report caused Capital One Bank to reject Plaintiff for employment.

91. As a result of this conduct by Defendant, Plaintiff suffered actual damages, including without limitation, by example only, and as described herein on behalf of her counsel: loss of employment, damages to reputation, embarrassment, humiliation, physical adverse symptoms and emotional and mental distress.

92. Defendant's violation of 15 U.S.C. § 1681e(b) was reckless or willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

93. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court or a jury pursuant to 15 U.S.C. §§ 1681n & 1681o.

WHEREFORE, Plaintiff respectfully prays for relief against Defendant as follows:

a. An order certifying the proposed Class set forth above under Federal Rule of Civil Procedure 23, and appointing Plaintiff as class representative and the undersigned Counsel of Record to represent the Class;

      b.      The creation of a common fund to provide notice of and remedy Defendant's unlawful conduct;

      c.      That judgment be entered for Plaintiff individually against Defendant for actual and/or statutory damages and punitive damages for Defendant's violation of 15 U.S.C. § 1681e(b) pursuant to 15 U.S.C. §§ 1681n & 1681o.

      d.      That judgment be entered for the Class against Defendant for statutory and punitive damages based on Defendant's violations of 15 U.S.C. §§ 1681k, 1681n & 1681o, or in the alternative, judgment for issue-only certification (liability) and judgment for the Classes;

      e.      A class-wide liability determination for named Plaintiff and each class member;

      f.      Equitable and/or injunctive and declaratory relief that the Defendant violated the FCRA;

      g.      Statutory and punitive damages for the class claim;

      h.      Attorneys' fees, expenses, and costs provided by 15 U.S.C §§ 1681n & 1681o;

      i.      Pre-judgment and post-judgment interest as provided by law; and

      j.      All other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

**ERNESTINE COMBS,**
**ON BEHALF OF HERSELF AND ALL**
**OTHERS SIMILARLY SITUATED**

Dated: January 26, 2017         BY:        _____/s /_____
                                           Christopher Colt North (VSB #16955)
                                           **THE CONSUMER & EMPLOYEE RIGHTS LAW**
                                           **FIRM, P.C.**
                                           751-A Thimble Shoals Boulevard
                                           Newport News, VA 23606
                                           Phone: (757) 873-1010
                                           Fax: (757) 873-8375
                                           cnorthlaw@aol.com

18